UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

IN RE:                                    )
                                          )
Wiley Brown & Associates, LLC,            )    Case No. 06-50886
                                          )
        Debtor.                           )
                                          )

### ORDER AND OPINION

This matter came before the court on September 27, 2006, for a hearing on the Motion for Relief from Stay filed by Mechanics & Farmers Bank. Robert Lefkowitz appeared on behalf of the Debtor, Matthew Bryant appeared on behalf of Mechanics & Farmers Bank ("M&F"), Daniel Bruton appeared on behalf of the City of Winston-Salem (the "City"), and Sarah Bruce appeared on behalf of the Bankruptcy Administrator. After considering the Motion, the evidence, and the arguments of counsel, the court finds and concludes as follows:

### BACKGROUND

On November 19, 2003, the Debtor executed a promissory note in favor of M&F in the original principal amount of $630,000.00 which was secured by a deed of trust (the "Deed of Trust") on commercial real property located on Trade Street in downtown Winston-Salem (the "Real Property"). The City is also a secured creditor of the Debtor, holding a second deed of trust against the Real Property. The outstanding amount of the indebtedness owed by the Debtor to the City is approximately $98,000.00.

Prior to the bankruptcy filing, the Debtor defaulted under the terms of the Deed of Trust and M&F commenced foreclosure proceedings. On May 16, 2006, a foreclosure sale was conducted. M&F was the high bidder at the foreclosure sale, submitting a bid in the amount of

$601,725.38. The City concedes that it received notice of the sale but did not bid on the Real Property. On May 26, 2006, Cecil Brown, who holds a ½ ownership interest in the Debtor, filed a petition under Chapter 13 of the Bankruptcy Code. A Suggestion of Bankruptcy was filed with the Forsyth County Clerk's Office at 4:14 pm that day. No bids were received during the 10-day upset bid period.

On July 11, 2006 (the "Petition Date"), the Debtor filed a petition under Chapter 11 of the Bankruptcy Code. The Debtor listed the Real Property on Schedule A, with a value of $1,550,000.00. M&F seeks an order which lifts the stay to allow it to finalize the foreclosure sale, as well as an order compelling a transfer of all rents received from the property. The City of Winston Salem filed an objection to M&F's motion and contends that the foreclosure sale was not commercially reasonable and should be set aside. The Debtor fully supports the City's position and has commenced an adversary proceeding against M&F asserting a claim under 11 U.S.C. § 548.

**DISCUSSION**

The only issue presently before the court is whether cause exists to lift the automatic stay to allow M&F to record the deed to the Real Property and collect rents. The Debtor and City contend that M&F's motion for relief from stay should be denied because the notice of foreclosure sale ("Notice of Foreclosure") prepared by M&F was insufficient, the foreclosure sale was tainted by the filing of the Suggestion of Bankruptcy, and the sale was a fraudulent transfer.

N.C. Gen. Stat. § 45-25.16A provides that a notice of sale under a power of sale shall:

> Describe the real property to be sold in such a manner as is reasonably calculated to inform the public as to what is being sold, which description may be in general terms and may incorporate the description as used in the instrument containing the power of sale by reference thereto. Any property described in the instrument containing the power of sale which is not being offered for sale should also be described in such a manner as to enable prospective purchasers to determine what is and what is not being offered for sale.

The description needs to inform the public of the land to be sold, and to enable intending purchasers, in the exercise of ordinary diligence, to identify the land. Peedin v. Oliver, 24 S.E.2d 519, 522 (N.C. 1943).

The Notice of Foreclosure contains a metes and bounds description of the Real Property that, the City concedes, standing alone would have been sufficient to satisfy the requirements of N.C. Gen. Stat. § 45-25.16A.  In addition to the metes and bounds description, however, the Notice of Foreclosure sets forth the address of the Real Property as 545 N. Trade Street.  The City states that while the metes and bounds description was correct, there are actually three addresses for the property: 545 N. Trade Street, 550 N. Liberty Street, and 538 N. Liberty Street.  The City therefore, states that the Notice of Foreclosure did not describe the property in a manner that was reasonably calculated to inform the public as to what was being sold.

The evidence presented supports a finding that Notice of Foreclosure complied with the requirements of North Carolina law.  The metes and bounds description in the Notice of Foreclosure is identical to that contained in the Deed of Trust, and the Notice of Foreclosure clearly refers to the book and page of the original Deed of Trust.  Further, the metes and bounds description plainly indicates that the property is on both Trade and Liberty Streets, as well as Sixth Street, and the Notice of Foreclosure also refers to Forsyth County Condo Book 7 Pages

28-34. The corresponding pages in Condo Book 7 contain the survey of the property showing the exact location and dimension of the property. This information was sufficient to inform the public of what was being sold. Certainly, prospective purchasers would be able to determine what is and what is not being offered for sale.

The Debtor and City also contend that the legitimacy and finality of the foreclosure sale of the Real Property was tainted by the filing of the Suggestion of Bankruptcy at 4:14 pm on the tenth and final day of an upset period. The court can find no authority to support a finding that a shareholder's filing of a suggestion of bankruptcy just prior to the expiration of an upset bid period for a foreclosure sale on property owned by a corporation can be the basis for invalidating that foreclosure sale and concludes that this argument is without merit.

Lastly, the Debtor and the City contend that the sale can be avoided as a fraudulent transfer under § 548 of the Bankruptcy Code due to the insufficient price. The Supreme Court in BFP v. Resolution Trust Corp., 511 U.S. 531, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994) held that a pre-petition foreclosure by sale could not be avoided under § 548 because of a seemingly insufficient price, holding that "a fair and proper price, or a 'reasonably equivalent value,' for foreclosed property, is the price in fact received at the foreclosure sale, so long as all the requirements of the State's foreclosure law have been complied with." Id. at 545, 114 S.Ct. 1757. Although the Debtor's adversary proceeding is not currently before the court, the evidence suggests that the Debtor's fraudulent conveyance action will not be successful. The court has already found that M&F complied with North Carolina law in the foreclosure process; therefore, the price received for the Real Property at the foreclosure sale was a reasonably equivalent value for the purposes of § 548. Accordingly, the Debtor's pending adversary proceeding does not

constitute grounds to deny M&F relief from the automatic stay.

Based upon the foregoing, the rights of the parties were fixed prior to the time that the Debtor filed its bankruptcy petition. N.C. Gen. Stat.. § 45-21.29A provides that "[n]o confirmation of sales or resales of real property made pursuant to this Article shall be required. If an upset bid is not filed following a sale, resale, or prior upset bid within the period specified in this Article, the rights of the parties to the sale or resale become fixed." In addition, N.C. Gen. Stat. § 45-21.34 states that "[a]ny owner of real estate, or other person, firm or corporation having a legal or equitable interest therein, may apply to a judge of the superior court, prior to the time that the rights of the parties to the sale or resale becoming fixed pursuant to G.S. 45-21.29A to enjoin such sale." Given these statutory provisions, a properly conducted foreclosure sale is complete in North Carolina upon the expiration of the ten-day period. See In re Barham, 193 B.R. 229, 232 (Bankr. E.D.N.C.1996); In re Newcomb, 112 N.C. App. 67, 434 S.E.2d 648 (1993).

In this case, neither the City, the Debtor, or any other party in interest challenged the sale pursuant to N.C. Gen. Stat. § 45-21.34, and the upset bid period expired with no additional bids being submitted. The Debtor did not file its bankruptcy petition until well after the expiration of the ten-day upset bid period. On the Petition Date, the rights of the parties were fixed under North Carolina law and the foreclosure sale was complete. Once a foreclosure sale has been completed under state law, a debtor has no right to cure the default under the § 1123(a)(5)(G) of Bankruptcy Code. In re Related Partners Properties, Inc., 163 B.R. 213 (S.D. Fl. 1993); In re Abdelhaq, 82 B.R. 807 (E.D. Va. 1988); In re Bland, 227 B.R. 163 (Bankr. E.D. Ark. 1998). Because the Debtor is not entitled to propose a plan pursuant to which the default would be

cured, M&F is entitled to relief from the automatic stay. Consequently, M&F's motion for relief from stay is granted.

**SERVICE LIST**

**Robert Lefkowitz**
**P. O. Box 1150**
**High Point, NC 27260-5239**

**Daniel Bruton**
**Elizabeth Repetti**
**P. O. Box 21029**
**Winston-Salem, NC 27120-1029**

**Robert E. Price, Jr.**
**1144 West Fourth Street**
**Winston-Salem, NC 27101**

**Matthew H. Bryant**
**723 Coliseum Drive**
**Winston-Salem, NC 27106**

**Wiley Brown & Associates, LLC**
**P. O. Box 16496**
**Winston-Salem, NC 27115-6496**

**Michael D. West**
**P. O. Box 1828**
**Greensboro, NC 27402**